## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 436
#### BRODBERGER v. CHILDS
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2457.    Decided July 14, 1924.

1063.  SALES—Whether contract of, is divisible depends upon the intention of parties, subject matter, language of contract, and construction placed upon contract by the parties themselves.

HAMILTON, J.

David Childs, d. b. a. Childs Grocery Stores operated numerous retail grocery stores in and about the city of Indianapolis, Ind.  He agreed to buy from John Brodberger who was a sugar broker, 500 bags of a certain quality of sugar to be paid for, cash on delivery, draft for amount of purchase price to be attached to bill of lading.

Childs brought suit against Brodberger, in the Hamilton common pleas declaring in his petition that Brodberger had failed and neglected to perform his part of the contract to ship 500 bags of the quality and kind of sugar contracted for; but shipped 500 bags of which 278 were of the quality specified in the contract and 222 were inferior and of a lower priced sugar.  Childs claimed he paid the draft before he could obtain possession of the bill of lading; and upon distribution of the sugar to his numerous stores, complaints began to come in from the customers.

Brodberger answered and declared that Childs had accepted the sugar on Oct. 19, 1920 and complained that portions of it was yellow; and that he (Brodberger) on the same day notified Childs to return to the agent in Indianapolis, any sugar which was complained of as being off color, offering to replace such sugar or the money for such sugar as might be rejected.

It seems that prior to the trial and while the action was pending, the warehouse in which the sugar was stored caught fire.  The contents were insured and the insurance company after salvaging the contents paid Childs $1056 for 192 bags of sugar, which was the market price at the time (February 1922).  Childs sought to recover the difference between the insurance and the purchase price.  The common pleas returned a judgment in favor of Childs.

Error was prosecuted and Brodberger urges these two points:

1.  Childs failed and neglected to return the rejected sugar.

2.  There was an acceptance of the delivery of 500 bags and the contract was not severable; that Childs could not retain a part of the sugar and sue for purchase price of the balance.  The Court of Appeals said:

8456 GC. provides:  Divisible contract to sell or a sale means a contract to sell or a sale in which by its terms the price for a portion or portions of goods less than the whole is fixed or ascertainable by computation.  The intention of the parties, the subjeect matter, the circumstances surrounding the transaction and the construction placed upon the contract by the parties themselves, all these things go to show that the contract was divisible.  There being no dispute as to the 192 bags of sugar not being up to standard required by the contract, Childs is entitled to recover the price paid therefor, less the amount received from the insurance.  Judgment affirmed.

Attorneys—Pogue, Hoffheimer & Pogue, for Brodberger; Robert Black for Childs; all of Cincinnati.